IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| G.R. HARVILL, INC., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 11-311-N |
| | ) | |
| BHARAT B. PATEL, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

ORDER

This action is before the court on the defendant's Motion to Dismiss and Compel Arbitration or in the Alternative to Stay and Compel Arbitration (doc. 16) and on the defendant's Motion to Quash and for Protective Order (doc. 26). These motions have been fully briefed.[1] Upon consideration of the motions, pleadings and all pertinent portions of the record, the court finds that certain of plaintiff's claims are subject to valid arbitration agreements, but declines to stay the litigation of the remaining independent claims or to quash the notice of deposition and subpoena *duces tecum* issued by plaintiff.

Background

This suit was removed (doc. 1) from the Circuit Court of Mobile County, Alabama, on June 16, 2011.[2] Plaintiff seeks an award of money owed for construction services on four hotels

---

[1] *See* Memorandum in Support of Motion to Compel Arbitration (doc. 17); Response to Motion to Compel Arbitration (doc. 24); Reply to Motion to Compel Arbitration (doc. 28); Response to Motion to Quash (doc. 29) and Reply to Motion to Quash (doc. 30)

[2] Plaintiff does not challenge the removal, and it appears that the court would have had original jurisdiction on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332.

under separate written contracts[3], citing theories of breach of contract, violation of the Miller Act[4], open account/account stated, and recovery for work done and money paid on behalf of plaintiff. Defendant has filed a counter claim related to one of those projects[5]. Plaintiff filed an Amended Complaint (Doc. 12) which added a *quantum meruit* count, as well as a Motion for Leave to File Second Amended Complaint (doc. 23), which adjusted the damages figures and which was granted upon the running of the response time without an objection having been filed. (*See* Doc. 25)[6]

Three of the contracts at issue contain arbitration provisions, while two do not. *See* exhibits to doc. 12.[7] Following the parties' planning meeting (see doc. 5), plaintiff served a Notice of Deposition for defendant's Rule 30(b) representative, which also contained a subpoena *duces tecum*. The deposition is currently set for August 17, 2011.

---

[3] The projects were: a Hampton Inn in Laurel, Mississippi; a Best Western in Hattiesburg, Mississippi; a Best Western in Pell City, Alabama; a Comfort Suites in Bessemer, Alabama; and preliminary design work on a Parkway Hotel on Dauphin Island, Alabama.

[4] Ala.Code § 8–29–6, also known as the Miller Act, provides:

A contractor, subcontractor, or sub-subcontractor may file a civil action solely against the party contractually obligated for the payment of the amount claimed to recover the amount due plus the interest accrued in accordance with this chapter. If the court finds in the civil action that the owner, contractor, or subcontractor has not made payment in compliance with this chapter, the court shall award the interest specified in this chapter in addition to the amount due. In any such civil action, the party in whose favor a judgment is rendered shall be entitled to recover payment of reasonable attorneys' fees, court costs and reasonable expenses from the other party.

[5] Defendant's counterclaim relates to an amount allegedly owed for unfinished landscaping service on the Hampton Inn in Laurel, Mississippi.

[6] Plaintiff's Second Amended Complaint was filed on August 15, 2011. (Doc. 34)

[7] The parties used different versions of the standard AIA contract for use between Owner and Design-Builder. The following written contracts contain an agreement to arbitrate: Best Western-Atria, Laurel (doc. 12, ex. 4); Best Western, Pell City (doc. 12, ex. 6); Comfort Inn, Bessemer (doc. 12, ex. 7) [agreement to mediate, then arbitrate if mediation unsuccessful]. This written contract does not contain an arbitration agreement: Hampton Inn, Laurel (doc. 12, ex. 1). It appears that no formal contract was prepared for the design work to be performed on the Parkway Hotel on Dauphin Island; there is thus no evidence of an agreement to arbitrate claims related to that project.

Analysis

Arbitration

The parties agree that the three contracts which contain arbitration provisions involve interstate commerce and thus that the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-10, applies. To the extent that it may matter, there does not appear to be substantive dispute that the contract for the construction of the Hampton Inn in Laurel, Mississippi, would likewise involve interstate commerce for the same reasons. And the contract for provision of design work by an Alabama company for a Mississippi resident's Alabama property would seem, by its nature, to involve interstate commerce, as well.

"Arbitration is a matter of contract [and] the FAA's strong proarbitration policy only applies to disputes that the parties have agreed to arbitrate." Klay v. All Defendants, 389 F.3d 1191, 1200 (11th Cir. 2004). "[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985)).

Defendant offers no authority in support of its request that the court compel arbitration not only of the claims related to the three contracts that did include an agreement to arbitrate, but also those related to the other two contracts *that did not*. In its initial brief, defendant includes a single paragraph stating, in sum, that the court should hold that the parties intended to have an arbitration clause in all their contracts, and that it would be easier on the court to send all claims to arbitration. Doc. 17 at 8-9. The Reply does not address this argument. The court is aware of no case holding a party to arbitration without an express agreement [oral or written] to do so.[8]

---

[8] In Western Intern. Media Corp. v. Johnson, 754 F.Supp. 871 (S.D.Fla. 1991), the court held that evidence, including an unsigned written contract and correspondence agreeing to the terms of the written contract, as well as the course of dealings between the parties, was sufficient to establish that there was a
(Continued)

*Hampton Inn, Laurel MS and Parkway Hotel, Dauphin Island, AL*

It is undisputed that the contracts for construction of the Hampton Inn in Laurel, Mississippi, and for the design work on the proposed Parkway Hotel on Dauphin Island, Alabama, do not contain express arbitration provisions. The argument concerning an alleged intent to arbitrate—even were the court convinced that it had the authority to read an agreement to arbitrate into a written contract that lacked such a provision waiving the right to trial—is further undermined by the fact that the contract concerning the Hampton Inn in Laurel, Mississippi, pre-dated all of the other contracts involved in this action.[9] Thus, no general pattern has been established from which the court could find that, **at that time they executed that contract**, the lack of an express provision to arbitrate was merely an oversight. Similarly, the oral contract concerning the Dauphin Island property dealt with a different kind of service than the other written contracts, and was in a distinctly different form from the other contracts, weakening any attempt to argue from the existence of written construction contracts that it, too, was intended to contain an arbitration agreement when it was made. The court finds no merit to the defendants' motion to compel arbitration as to either of the two contracts which did not

---

contract governing the transaction that included an arbitration clause. Similarly, in <u>Middlebrooks v. Merrill Lynch, Pierce, Fenner & Smith, Inc</u>., 1989 WL 80446 (N.D.Ala.), the court found that, despite the lack of an arbitration clause in the original contract signed in the late sixties, a series of subsequent contracts and documents concerning the same brokerage account—including the Terms and Conditions on the very check on which the case was based—established a course of dealing between the parties that claims would be subject to arbitration. It appears to the court that something more than a course of dealing—especially a course of dealing that consists of other, separate contracts entered into later—must be shown to establish that the parties intended to bind themselves to arbitrate any dispute thereon. *See e.g.* <u>Surman v. Merrill, Lynch, Pierce, Fenner & Smith</u>, 733 F.2d 59, 61-2 (8th Cir. 1984)( "Where arbitrable and non-arbitrable claims that are legally and factually separable are joined in a single action, courts have no difficulty in severing the action and compelling arbitration of the arbitrable claims while litigating the non-arbitrable claims.").

[9] That contract was entered on July 21, 2008; the other written contracts were entered on August 7, 2008, October 21, 2008, and May 10, 2010, respectively.

contain such a provision. Accordingly, the motion to compel arbitration as to the claims involving the Hampton Inn in Laurel Mississippi and the Parkway Hotel in Dauphin Island, Alabama is DENIED.

*Best Western-Hattiesburg,MS, Best Western-Pell City, AL, Comfort Suites- Bessemer, AL*

With regard to the three contracts which provided for arbitration of all claims arising thereunder, plaintiff argues that defendant has waived arbitration by substantially invoking the litigation process. *See* Morewitz v. West of England Ship Owners Mut. Protection and Indem. Ass'n, 62 F.3d 1356 (11th Cir. 1995).

Arbitration agreements such as those at issue are governed by the Federal Arbitration Act ("FAA"). "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself **or an allegation of waiver, delay, or a like defense to arbitrability**." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983) (emphasis added). The Eleventh Circuit Court of Appeals has outlined a two part test for determining whether arbitration has been waived:

> An agreement to arbitrate, "just like any other contract ..., may be waived." Burton-Dixie Corp. v. Timothy McCarthy Constr. Co., 436 F.2d 405, 407 (5th Cir. 1971). When determining whether a party has waived its right to arbitrate, this Court applies a two-part test: "First, we decide if, 'under the totality of the circumstances,' the party 'has acted inconsistently with the arbitration right,' and, second, we look to see whether, by doing so, that party 'has in some way prejudiced the other party.' " Ivax Corp. [v. Braun of Am., Inc.], 286 F.3d [1309] at 1315-16 [(11th Cir. 2002)](*quoting* S & H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507, 1514 (11th Cir. 1990)). "However, '[b]ecause federal law favors arbitration, any party arguing waiver of arbitration bears a heavy burden of proof.' " Stone v. E.F. Hutton & Co., 898 F.2d 1542, 1543 (11th Cir. 1990) (*quoting* Belke v. Merrill Lynch, Pierce, Fenner & Smith, 693 F.2d 1023, 1025 (11th Cir. 1982), *overruled on other grounds by* Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985)).

Citibank, N.A. v. Stok & Assoc., P.A., 387 Fed.Appx. 921, 923 (11th Cir. 2010).

Participation in litigation can satisfy the first prong of the waiver test "when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate." Id., *quoting* Ivax Corp., 286 F.3d at 1319 and n. 21. However, a party claiming waiver must also demonstrate that it has been prejudiced by that conduct. *See* Citibank, 387 Fed. Appx. at 924 ("When the inconsistent conduct prong is satisfied by substantial participation in litigation, we evaluate the prejudice prong by 'consider[ing] the length of delay in demanding arbitration and the expense incurred by [the] party [alleging prejudice] from participating in the litigation process.' ") (citation omitted)

Plaintiff filed this action in state court[10] on May 19, 2011. Defendant removed the action to this court on June 16, 2011, and filed its Answer (doc. 4) on June 22, 2011. Defendant thereafter filed the instant Motion to Compel Arbitration (doc. 16) on July 25, 2011. The defendant's Answer does not raise arbitration as a defense. Further, the Answer contains a counter-claim for damages allegedly due from plaintiff arising out of construction contracts for a Best Western in Hattiesburg, Mississippi and a Sleep Inn Hotel in Hattiesburg, Mississippi as well as the Hampton Inn in Laurel, Mississippi. As plaintiff notes, many of defendant's counterclaims were not compulsory and did not need to be brought as part of this action. Filing these claims in this litigation—especially where the answer does not raise arbitration—does

---

[10] Plaintiff also discusses defendant's actions prior to the filing of the complaint. The contract provisions at issue provide for the possibility of mediation prior to arbitration. *See e.g.* doc. 12, ex. 4 ("§ 6.2 If the parties do not resolve their dispute through mediation pursuant to Section A.4.3 of Exhibit A, Terms and Conditions, the method of binding dispute resolution shall be…" arbitration.) Attempts to settle the dispute prior to litigation or arbitration are not inconsistent with this provision. *See also* Brown v. ITT Consumer Financial Corp., 211 F.3d 1217, 1223 (11th Cir. 2000) ("ITT was also under no obligation to make a pre-suit demand for arbitration.")

appear to indicate that defendant intended to litigate, rather than arbitrate, all claims brought herein.[11] However, this determination does not end the court's inquiry.

With regard to the second prong, the court finds that plaintiff has not made a sufficient showing of prejudice. Plaintiff acknowledges that "this prejudice is not as severe as seen in other cases" (doc. 24 at 5) but argues that its allegedly small size[12] makes even minor expenses significant. The court finds this argument unavailing and unsupported by case law. For example, in Brown v. ITT Consumer Financial Corp., 211 F.3d 1217 (11th Cir. 2000), plaintiff Brown, the party resisting arbitration, was an individual who worked for the defendant corporation. The court held that "Brown did not incur the delay or expense associated with litigation that might otherwise demonstrate prejudice." Id., at 1223.

In Benoay v. Prudential-Bache Securities, Inc., 805 F.2d 1437, 1440 (11th Cir. 1986), the Court held that a 10-week delay after a change in the law, during which litigation had been ongoing, did not demonstrate adequate prejudice: again, the plaintiff was an individual, a woman recently widowed after thirty years of marriage. The conduct of the initial steps of litigation— the court notes that the parties have just filed their report of parties planning meeting (doc. 32) and that a Rule 16(b) scheduling order has not yet been entered—over a period of approximately nine weeks are inadequate to demonstrate the kind of prejudice sufficient to justify a finding of waiver, and the plaintiff corporation's unsupported claim that it should be allowed to show a lower level of prejudice from the delay does not alter that fact. The court finds that plaintiff has

---

[11] Plaintiff's evidence concerning pre-filing discussions between the parties is related to this issue, as it demonstrates that the defendant's actions were not taken in temporary forgetfulness of the existence of the arbitration provisions.

[12] Plaintiff offers no evidence of its corporate earnings, number of employees, nor any other objective measure of its size. The sheer number and size of the significant construction projects involved in this single case for this single defendant tends to belie that claim.

failed to satisfy the prejudice prong of the waiver analysis. The court thus finds that defendant's Motion to Compel Arbitration is due to be GRANTED as to the three contracts identified above.[13]

Defendant's motion asks for dismissal of the action or alternatively for a stay. The FAA states that when "any suit or proceeding [is] brought in [a district court] upon any issue referable to arbitration under an agreement," the Court shall "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3; *see also* Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985). The court finds that a stay **affecting just those claims based on the three contracts identified above** is adequate and appropriate to protect the interests of the parties. However, this action shall proceed on the remaining claims.

Motion to Quash and for Protective Order

Defendant's Motion to Quash (doc. 26) seeks protection from the deposition and subpoena duces tecum served by plaintiff following the parties' planning meeting. Plaintiff Harvill noticed the deposition of the defendant's Rule 30(b) representative for August 17, 2011. Defendant argues that the deposition and subpoena should be quashed to protect defendant's right to arbitration and to protect it from undue burden and expense. In light of the court's ruling allowing certain claims to proceed in this action, the court finds that the deposition and subpoena will not adversely impact defendant's right to arbitration of such claims as are subject to that procedure and, as part of litigation of the remaining claims, creates no "undue" burden. While

---

[13] As no party has sought to compel arbitration of the defendant's counter-claims, the court makes no determination of their arbitrability.

8

defendant would clearly prefer not to submit to a deposition at this time, allowing discovery to proceed is appropriate.[14]

## Conclusion

For the foregoing reasons, it is hereby ORDERED that defendant's Motion to Dismiss and Compel Arbitration or in the Alternative to Stay and Compel Arbitration (doc. 16) is GRANTED in part and DENIED in part; that plaintiff's claims related to the contracts to construct the Best Western-Atria in Laurel, Mississippi, the Best Western in Pell City, Alabama, and the Comfort Inn in Bessemer, Alabama are STAYED pending arbitration of the same; and that Motion to Quash and for Protective Order is DENIED.

DONE this the 16th day of August, 2011.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[14] Defendant has not claimed or demonstrated any conflict or other impediment to proceeding on the date selected. Nor has defendant demonstrated that a limitation on the subjects of the deposition would be necessary in light of the order compelling certain of plaintiff's claims to arbitration.